UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| **BRION DICKERSON** and **JAHNIRA JONES-DICKERSON,** | COMPLAINT |
| | JURY TRIAL DEMANDED |
| Plaintiffs, | |
| vs. | No. 1:19-cv-02403 |
| **WILLIAM THOMAS TRUCKING, INC.**, | |
| and | |
| **ALDEN L. MONTOYA-LAFARGUE,** | |
| and | |
| **KINEDYNE, LLC** | |
| and | |
| **KINEDYNE CORP.** | |
| and | |
| **KINEDYNE INTERNATIONAL, LLC,** | |
| Defendants. | |

## COMPLAINT

Plaintiffs, Brion Dickerson and Jahnira Jones-Dickerson, by counsel, allege as follows:

### NATURE OF THIS ACTION

1. This is a civil action against Defendants William Thomas Trucking, Inc. ("WTT"), Alden L. Montoya-Lafargue ("Montoya-Lafargue"), Kinedyne, LLC, Kinedyne Corp.,

and Kinedyne International, LLC (collectively "Kinedyne") for negligently causing a motor vehicle accident that resulted in serious and permanent injuries.

## PARTIES

2. Plaintiff Brion Dickerson is a citizen of Wilmington, Delaware with a residence at 1400 North Walnut Street, Wilmington, DE 19801 and has been at all times relevant hereto.

3. Plaintiff Jahnira Jones-Dickerson is a citizen of Wilmington, Delaware with a residence at 1400 North Walnut Street, Wilmington, DE 19801 and has been at all times relevant hereto.

4. Defendant William Thomas Trucking, Inc., is a corporation organized and existing under the laws of New Mexico with its principal place of business located at 6026 2nd Street, NW, Albuquerque, NM.

5. At all relevant times, Defendant William Thomas Trucking, Inc., acted by and through its respective agents, servants, workmen and employees acting within the scope of their authority and employment.

6. Defendant Alden L. Montoya-Lafargue, is an adult citizen of New Mexico, domiciled in New Mexico, with a residence at 10415 Napoli Place, NW, Albuquerque, NM.

7. Defendant Kinedyne, LLC, is a limited liability company organized and existing under the laws of the State of New Jersey with its principal place of business located at 3040 US Highway 22 West, Suite 150, Branchburg, NJ 08876.

8. Up and until the time of filing this Complaint, Plaintiffs undertook a reasonable investigation to determine the citizenship of Defendant Kinedyne LLC's members, including: a review of all of Kinedyne LLC's business documents filed and existing

with the New Jersey Division of Revenue and Enterprise Services; and a thorough review of Kinedyne LLC's website and other publicly available information.

9. Based upon this investigation, Plaintiffs aver that none of Kinedyne LLC's members are citizens of the same state as Plaintiffs. *Lincoln Ben. Life Co. v. AEI Life, LLC*, 800 F.3d 99, 107-108 (3d Cir. 2015).

10. At all relevant times, Defendant Kinedyne LLC acted by and through its respective agents, servants, workmen and employees acting within the scope of their authority and employment.

11. Defendant Kinedyne Corp. is a corporation organized and existing under the laws of New Jersey with its principal place of business located at 3040 US Highway 22 West Suite 150, Branchburg, NJ 08876.

12. At all relevant times, Defendant Kinedyne Corp. acted by and through its respective agents, servants, workmen and employees acting within the scope of their authority and employment.

13. Defendant Kinedyne International, LLC is a limited liability company organized and existing under the laws of the State of New Jersey with its principal place of business located at 3040 US Highway 22 West, Suite 150, Branchburg, NJ 08876.

14. Up and until the time of filing this Complaint, Plaintiffs undertook a reasonable investigation to determine the citizenship of Defendant Kinedyne International LLC's members, including: a review of all of Kinedyne International LLC's business documents filed and existing with the New Jersey Division of Revenue and Enterprise Services; and a thorough review of Kinedyne International LLC's website and other publicly available information.

15. Based upon this investigation, Plaintiffs aver that none of Kinedyne International LLC's members are citizens of the same state as Plaintiffs. *Lincoln Ben. Life Co. v. AEI Life, LLC*, 800 F.3d 99, 107-108 (3d Cir. 2015).

16. At all relevant times, Defendant Kinedyne International LLC acted by and through its respective agents, servants, workmen and employees acting within the scope of their authority and employment.

## JURISDICTION & VENUE

17. The Court has jurisdiction over the subject matter of this action pursuant to 28 USC § 1332(a) because the matter in controversy exceeds the jurisdictional threshold, exclusive of costs, it is between citizens of different states, and because the defendants each have certain minimum contacts with the State of Indiana such that the maintenance of the suit in this district does not offend traditional notions of fair play and substantial justice.

18. Venue in the United States District Court for the Southern District of Indiana is proper pursuant to 28 USC § 1391(a)(2) because a substantial part of the events or omissions giving rise to Plaintiffs' claims and causes of action occurred in this judicial district, and because Defendants were subject to personal jurisdiction in this judicial district at the time of the commencement of the action.

## ALLEGATIONS

19. On or about June 20, 2017, Plaintiff Brion Dickerson was driving a tractor trailer in the eastbound lane of Interstate-70, in Wayne County, IN, in connection with his employment with US Environmental.

20. At some point, Mr. Dickerson began driving behind a tractor trailer driven by Defendant Alden L. Montoya-Lafargue ("Defendant truck").

21. At all relevant times, the Defendant truck was owned, leased, maintained and/or otherwise controlled by Defendant William Thomas Trucking, Inc.

22. At all relevant times, Defendant Montoya-Lafargue was either acting in the scope of his employment with or otherwise as an agent for Defendant William Hill Trucking.

23. At all relevant time Defendant William Thomas Trucking entrusted Defendant Montoya-Lafargue with the Defendant truck.

24. Upon information and belief, at all relevant times, the Defendant truck was equipped with Double "L" Sliding winches, used to winch straps that secure product to the trailer for transport.

25. The Double "L" Sliding Winch ("winch") was designed, manufactured, marketed, sold and distributed by Defendant Kinedyne, LLC, Kinedyne Corporation, and/or Kinedyne International, LLC.

26. The winch is made of steel, and weighs approximately 8.8 pounds.

27. As Mr. Dickerson drove behind Defendant Montoya-Lafargue, a winch that had been installed and strapped to the Defendant truck, disconnected from the body of the Defendant truck.

28. At first, the winch remained attached to its strap and was dragged along the roadway by the Defendant truck.

29. The winch quickly separated from the strap and began freely bouncing along Interstate 70.

30. After breaking free from Defendants' truck, the winch bounced off the road and broke through the windshield of Mr. Dickerson's truck.

31. After the winch crashed through the windshield, it struck Mr. Dickerson in the right shoulder and, after bouncing off the driver's side window, his head.

32. As a result of the accident, Mr. Dickerson suffered severe and permanent injuries to his neck and shoulder that resulted in *inter alia*, several neck surgeries, the need for ongoing medical care and treatment and has rendered him unable to work.

33. As a result of the accident and the injuries sustained by Mr. Dickerson, his wife wife, Jahnira Jones-Dickerson, suffered a loss of consortium.

## COUNT I

## NEGLIGENCE OF WILLIAM THOMAS TRUCKING, INC.

34. Plaintiffs hereby incorporate by reference each and every allegation contained in the preceding paragraphs as though fully set forth herein.

35. At all times relevant, Defendant, as the owner of the tractor trailer, owed numerous duties of care to Plaintiff Brion Dickerson and the public at large to ensure that its tractor-trailers, their maintenance, pursuant to 49 CFR §396.3, Inspection, repair and maintenance, and the persons driving its tractor-trailers were safe and would not cause harm to those utilizing public roadways, like Plaintiff, pursuant to 49 CFR §392.9, Inspection of cargo, cargo securement devices and systems.

36. Defendant, by and through its separate and respective agents, servants, workers, contractors, designers, assemblers, manufacturers, sellers, suppliers, installers and/or distributors were careless, negligent, grossly negligent, and/or reckless in the following respects:

　　a.　Improperly installing the winch to its tractor-trailer;

　　b.　Violation of 49 CFR §393.104(c), What standards must cargo securement devices and systems meet in order to satisfy the requirements of this subpart;

　　c.　Failing to inspect, maintain, and service the winch which caused Mr. Dickerson's injuries;

　　d.　Violation of 49 CFR §392.9, Inspection of cargo, cargo securement devices and systems;

e. Failing to hire and/or retain persons responsible for the maintenance of winches on its trucks like the one that caused Mr. Dickerson's injuries;

f. Violation of violation of 49 CFR §396.3, Inspection, repair and maintenance;

g. Operating the tractor-trailer in violation of the ordinances of the State of Indiana, Federal Motor Carrier Safety Administration, and other relevant governmental entities, in violation of 49 CFR §392.2, Applicable operating rules;

h. Negligently entrusting a tractor-trailer to an incompetent driver like Defendant Montoya-Lafargue in violation of 49 CFR §391.13(b), Responsibilities of drivers;

i. Failing to supervise persons responsible for the maintenance of winches on its trucks like the one that caused Mr. Dickerson's injuries in violation of 49 CFR §393.104(c), What standards must cargo securement devices and systems meet in order to satisfy the requirements of this subpart;

j. Failing to train its persons responsible for the maintenance of winches on its trucks like the one that caused Mr. Dickerson's injuries, in violation of 49 CFR §393.104(c), What standards must cargo securement devices and systems meet in order to satisfy the requirements of this subpart;

k. Failing to hire and/or retain competent tractor-trailer drivers;

l. Failing to train its tractor-trailer drivers to inspect for dangerous conditions existing on its tractor-trailers prior to interstate and/or intrastate travel, in violation of 49 CFR 396.13, Driver inspection;

m. Failing to utilize "Kinedyne 3608 winch track" as required for the use of Kinedyne Double L Sliding Winches;

n. Failing to inspect for unfastened winches, like the winch that caused Mr. Dickerson's injuries and accident, from the tractor-trailer prior to interstate and/or intrastate travel in violation of 49 CFR 396.13, Driver inspection;

o. Failing to remove unfastened winches, like the winch that caused Mr. Dickerson's injuries and accident, from the tractor-trailer prior to interstate and/or intrastate travel;

p. Failing to train its drivers, like Montoya-Lafargue, on the dangers of loose or unfastened winches in violation of 49 CFR 396.13, Driver inspection and 49 CFR §391.13(b), Responsibilities of drivers;

37. As a direct and proximate result of the negligence of Defendant William Hill Trucking, Inc., Plaintiff Brion Dickerson sustained severe and permanent injuries addressed above.

WHEREFORE, Plaintiffs claim against Defendants in a sum in excess of $75,000 in compensatory damages together with lawful interest, costs of suit, and delay damages, and brings this action to recover the same.

## COUNT II

## NEGLIGENCE OF ALDEN L. MONTOYA-LAFARGUE

38. Plaintiffs hereby incorporate by reference each and every allegation contained in the preceding paragraphs as though fully set forth herein.

39. At all times relevant, Defendant Montoya-Lafargue, as the operator of the tractor trailer, owed numerous duties of care to Plaintiff Brion Dickerson and the public at large to ensure that his tractor-trailer and/or its components would not cause harm to those utilizing public roadways, like Plaintiff.

40. Defendant, by and through his actions and/or omissions, was careless, negligent, grossly negligent, and/or reckless in the following respects:

   a. Failing to ensure the tractor-trailer's winch was adhered and/or fastened, in violation of 49 CFR 393, 100, Which types of commercial motor vehicles are subject to the cargo securement standards of this subpart, and what general requirements apply;

   b. Failing to inspect the tractor-trailer for any loose or unfastened winches, in violation of 49 CFR 393, 100, Which types of commercial motor vehicles are subject to the cargo securement standards of this subpart, and what general requirements apply, and 49 CFR 392.9, Inspection of cargo, cargo securement devices and systems;

   c. Failing to repair or re-adhere any loose or damaged winches on the tractor-trailer like the subject winch that caused Plaintiff's accident and injuries, in violation of 49 CFR §393.104(b), What standards must cargo securement devices and systems meet in order to satisfy the requirements of this subpart;

   d. Driving a tractor-trailer in dangerous physical condition on public roadways, in violation of 49 CFR 396.7, Unsafe operations forbidden;

   e. Operating the tractor-trailer in violation of the ordinances of the State of Indiana, Federal Motor Carrier Safety Administration, and other relevant governmental entities, in violation of 49 CFR §392.2, Applicable operating rules;

  f. Failing to place adequate tension on the cargo straps so as to keep the winch adhered to the winch track, in violation of 49 CFR 393, 100, Which types of commercial motor vehicles are subject to the cargo securement standards of this subpart, and what general requirements apply? and 49 CFR 392.9, Inspection of cargo, cargo securement devices and systems;

  g. Failing to utilize "Kinedyne 3608 winch track" as required for the use of Kinedyne Double L Sliding Winches;

  h. Failing to inspect for unfastened winches, like the winch that caused Mr. Dickerson's injuries and accident, from the tractor-trailer prior to interstate and/or intrastate travel, in violation of 49 CFR 393, 100, Which types of commercial motor vehicles are subject to the cargo securement standards of this subpart, and what general requirements apply, and 49 CFR 392.9, Inspection of cargo, cargo securement devices and systems;

  i. Failing to remove unfastened winches, like the winch that caused Mr. Dickerson's injuries and accident, from the tractor-trailer prior to interstate and/or intrastate travel in violation of 49 CFR 396.13, Driver inspection and 49 CFR §391.13(b), Responsibilities of drivers;

  j. Failing to appreciate the danger of transporting loose or un-adhered winches across public roadways.

  41. As a direct and proximate result of the negligence of Defendant Alden L. Montoya-Lafargue, Plaintiff Brion Dickerson sustained severe and permanent injuries.

  WHEREFORE, Plaintiffs claim against Defendants in a sum in excess of $75,000 in compensatory damages together with lawful interest, costs of suit, and delay damages, and brings this action to recover the same.

### COUNT III

### STRICT PRODUCT LIABILITY OF KINEDYNE, LLC, KINEDYNE CORP., AND KINEDYNE INTERNATIONAL, LLC

  42. Plaintiffs hereby incorporate by reference each and every allegation contained in the preceding paragraphs as though fully set forth herein.

43. Defendants Kinedyne are strictly liable under § 402A of the Restatement (Second) of Torts and Ind. Code 34-20-1-1 *et seq*, because:

   a. Defendants Kinedyne are engaged in the business of designing, manufacturing, assembling, selling, and/or supplying Double L Sliding Winches and/or associated winch tracks like the ones that caused Brion's accident and injuries.

   b. The subject Double L Sliding Winches and/or associated winch tracks was marketed and placed in the general stream of commerce by Defendants Kinedyne

   c. The subject Double L Sliding Winches and/or associated winch tracks was expected to, and did reach its end users, without substantial change in the condition in which it was designed, manufactured, assembled, distributed, sold, and/or supplied by Defendants Kinedyne; and

   d. The subject Double L Sliding Winches and/or associated winch tracks were designed, manufactured, assembled, distributed, sold and/or supplied by Defendants Kinedyne in a defective condition for the reasons set forth in the paragraph below.

44. At all relevant times, the winch and/or subject winch track involved in Plaintiff's accident was used and employed for the purpose for which it was designed and manufactured and was used in a foreseeable manner.

45. The defective condition of the subject winch and/or subject winch track involved in Plaintiff's accident was a cause of Plaintiff's injuries.

46. At all relevant times, the subject winch and/or subject winch track involved in Plaintiffs' accident was in a defective condition because (1) the subject winch and/or subject winch track was defective and in an unreasonably dangerous condition not contemplated by expected users when used as reasonably expected; (2) the winch and/or subject winch track was defectively designed and unreasonably dangerous; and/or (3) Defendants failed to exercise reasonable care under the circumstances in designing the product or in providing the warnings or instructions.

47. Defendants Kinedyne, by and through their agents, workmen, and/or employees, breached its duties and obligations under § 402A of the Restatement (Second) of Torts and Ind. Code 34-20-1-1 *et seq*, by:

   a. Designing, assembling, manufacturing and selling subject winch and/or subject winch track that was defective in its ability to dislodge from its track and become a hazard;

   b. Designing, assembling, manufacturing and selling subject winch and/or subject winch track that was unreasonably dangerous to the end user;

   c. Designing, assembling, manufacturing and selling subject winch and/or subject winch track that was not safe for its work related purposes;

   d. Failing to have adequate and durable warning on subject winch and/or subject winch track concerning the risk of dislodging from its track;

   e. Failing to provide proper and adequate warnings and instructions to the end user of subject winch and/or subject winch track;

   f. Failing to provide proper and adequate warnings and instructions;

   g. Designing, assembling, manufacturing and selling subject winch and/or subject winch track without all necessary safety features to prevent it dislodging from the track;

   h. Failing to provide appropriate instructions to be followed with regard to the operation of subject winch and/or subject winch track;

   i. Designing, assembling, manufacturing, and selling subject winch and/or subject winch track without appropriate failsafe devices;

   j. Failing to provide appropriate safety devices with subject winch and/or subject winch track;

   k. Failing to adequately and properly test subject winch and/or subject winch track before its design and/or assembly;

   l. Designing, assembling, manufacturing and selling subject winch and/or subject winch track with components that were unsafe;

   m. Failing to investigate, retain and analyze prior accident information and incorporate that into design decisions;

   n. Failing to implement post-sale warnings or bulletins about the known risk of dislodging associated with the subject winch and/or subject winch track; and

  o. Failing to include appropriate maintenance and training instructions with the subject winch and/or subject winch track and provide updates to those instructions in light of the risk of dislodging.

48. By reason of Defendants Kinedyne's failure to conform to their obligations and duties as set forth above, Plaintiff Brion Dickerson sustained severe and permanent injuries.

WHEREFORE, Plaintiffs claim against Defendants in a sum in excess of $75,000 in compensatory damages together with lawful interest, costs of suit, and delay damages, and brings this action to recover the same.

## COUNT IV

### NEGLIGENCE OF KINEDYNE, LLC, KINEDYNE CORP., AND KINEDYNE INTERNATIONAL, LLC

49. Plaintiffs hereby incorporate by reference each and every allegation contained in the preceding paragraphs as though fully set forth herein.

50. At all times relevant, Defendants, as the designers, manufacturers, assemblers, and/or sellers of the Double L Sliding Winch and/or Double L Sliding Winch Tracking, owed numerous duties of care to Plaintiff Brion Dickerson and the public at large to ensure their products and/or their components would not cause harm to those utilizing public roadways, like Plaintiff.

51. Defendants Kinedyne, by and through their actions and/or omissions, were careless, negligent, grossly negligent, and/or reckless in the following respects:

  a. designing, assembling, manufacturing, selling, supplying, and distributing the subject winch and/or subject winch track in a defective condition;

  b. designing, assembling, manufacturing, selling, supplying, and distributing the subject winch and/or subject winch track that was unreasonably dangerous to the user;

  c. designing, assembling, manufacturing, selling, supplying, and distributing the subject winch and/or subject winch track which was not safe for intended use;

  d. failing to have adequate warnings on the product;

e. failing to provide adequate warnings to foreseeable users;

f. designing, assembling, manufacturing, selling, supplying, and distributing the subject winch and/or subject winch track which lacked all necessary safety features and working parts to protect the users of said product and specifically the plaintiff;

g. failing to provide instructions to be followed with regard to the use of the subject winch and/or subject winch track;

h. failing to place appropriate and/or adequate warnings on the winch to warn of the dangers of untracked/unfastened winches while driving;

i. designing, assembling, manufacturing, selling, supplying, and distributing the subject winch and/or subject winch track which could be designed more safely;

j. designing, assembling, manufacturing, selling, supplying, and distributing the subject winch and/or subject winch track without simple and cost effective safety;

k. designing, assembling, manufacturing, selling, supplying, and distributing the subject winch and/or subject winch track with parts/components that were not suitable for the product's intended use;

l. failing to provide safety devices with this product;

m. designing, assembling, manufacturing, selling, supplying, and distributing the subject winch and/or subject winch track where it was foreseeable that someone would become injured based on the product design, assembly, installation, and lack of safety features;

n. designing, assembling, manufacturing, selling, supplying, and distributing the subject winch and/or subject winch track which could accommodate component parts that were unsafe;

o. failing to adequately and properly test said product after its design and/or assembly;

p. failing to ensure that ultimate users were advised of the dangers of said product and how to work with the product safely to avoid injury;

q. designing, assembling, manufacturing, selling, supplying, and distributing the subject winch and/or subject winch track that was not suitable for its intended use;

r. designing, assembling, manufacturing, selling, supplying, and distributing the subject winch and/or subject winch track that was hazardous and not safe to use for its intended purpose; and

  s. designing, assembling, manufacturing, selling, supplying and distributing the subject winch and/or subject winch track that was unsafe and unreasonably dangerous.

52. As a direct and proximate result of the negligence of Defendants Kinedyne, Plaintiff Brion Dickerson sustained severe and permanent injuries.

**WHEREFORE**, Plaintiff claims of Defendants Kinedyne, in a sum in excess of $75,000 in compensatory damages together with lawful interest, costs of suit, and delay damages, and brings this action to recover the same.

## LOSS OF CONSORTIUM OF SPOUSE AGAINST ALL DEFENDANTS

53. Plaintiffs hereby incorporate by reference each and every allegation contained in the preceding paragraphs as though fully set forth herein.

54. As a result of the injuries sustained by her husband, Brion Dickerson, Jahnira Jones-Dickerson has suffered a loss of guidance, companionship, and services of Brion Dickerson.

55. All Defendants are liable to Jahnira Jones-Dickerson for the loss of consortium caused by the severe and permanent injuries suffered by her husband.

**WHEREFORE**, Plaintiffs claim against Defendants in a sum in excess of $75,000 in compensatory damages together with lawful interest, costs of suit, and delay damages, and brings this action to recover the same.

## REQUEST FOR RELIEF

**WHEREFORE**, Plaintiffs pray for judgment to be entered against all Defendants, , as follows:

  a. For past and future medical expenses in an amount to be proven at trial;

    b. For loss of past income and loss of future earnings capacity in an amount to be proven at trial;

    c. For loss of household services in an amount to be proven at trial;

    d. For loss of consortium;

    e. For loss of services of Brion Dickerson to Jahnira Jones-Dickerson;

    f. For pre-judgment and post-judgment interest;

    g. For costs incurred herein; and

    h. For such other and further relief as equity demands.

## JURY DEMAND

Plaintiffs, by counsel, demand trial by jury.

Dated: June 14, 2019

Respectfully submitted,

/s/Lynn A Toops

Lynn A. Toops, No. 26386-49
COHEN & MALAD, LLP
One Indiana Square, Suite 1400
Indianapolis, IN 46204
Telephone: (317) 636-6481
Fax: (317) 636-2593
ltoops@cohenandmalad.com

David L. Kwass
(*pro hac vice* application forthcoming)
Elizabeth A. Bailey
(*pro hac vice* application forthcoming)
SALTZ, MONGELUZZI, BARRETT, & BENDESKY, P.C.
One Liberty Place, 52nd Floor
1650 Market Street
Philadelphia, PA 19103

Telephone: (215) 575-3859
Fax: (215) 496-0999
dkwass@smbb.com
ebailey@smbb.com

*Counsel for the Plaintiffs*